```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Mark Gregory Muller,            :
        Plaintiff,              :
                                :
    v.                          :     File No. 1:05-CV-222
                                :
Commissioner of IRS,            :
Subordinate Agents, and         :
John Does and Jane Roes 1       :
through 100,                    :
                                :
        Defendants.             :
```

OPINION AND ORDER
(Papers 4, 5 and 7)

Plaintiff Mark Muller, proceeding *pro se*, has initiated this action pursuant to 26 U.S.C. § 6320 and/or § 6330, challenging an IRS Notice of Determination Concerning Collection Action ("Notice of Determination"). The Notice of Determination pertains to Muller's alleged failure to pay income tax. The defendants have moved to dismiss for lack of jurisdiction, arguing that the United States Tax Court has exclusive jurisdiction over this matter. For the reasons set forth below, the motion to dismiss is GRANTED and this case is DISMISSED.

Factual Background

On July 14, 2005, the IRS issued a Notice of Determination informing Muller that, having reviewed "all issues raised during the hearing process and available from the administrative record," it would be moving forward with a collection action against him. (Paper 1 at 4). The basis for

the collection action is Muller's alleged failure to pay income tax for several years commencing in 1998.  The Notice of Determination advised Muller that "[i]f you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter."  (Paper 1 at 2).  On August 12, 2005, Muller filed a "Notice of Appeal" in this Court.

On October 17, 2005, Muller filed an amended complaint (Paper 2) consisting of the same Notice of Appeal, and adding a Notice of Determination with respect to the tax year 2002.  On December 1, 2005, Muller filed a "Complaint and Declaration" (Paper 5) along with hundreds of pages of exhibits pertaining to the merits of his tax dispute.  Muller has also contested the alleged re-classification of this case by the Court clerk's office (Paper 4).[1]  The defendants now move to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (Paper 7).

## Discussion

Rule 12(b)(1) requires dismissal when "the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

---

[1]  The case has been classified, solely for purposes of the Court's record keeping, as a tax liability cause brought pursuant to 26 U.S.C. § 7401.  This classification does not alter the fact that Muller is bringing his case pursuant to 26 U.S.C. § 6320 and/or § 6330.

A "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)).  A case may not be dismissed "unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief."  Miller v. Wolpoff & Abramson, 321 F.3d 292, 300 (2d Cir. 2002) (citing Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001)).

The United States Tax Court ("Tax Court") has jurisdiction over cases involving income tax liability.  See 26 U.S.C. § 6330(d)(1).  When a taxpayer is issued a Notice of Determination after a due process hearing, his appeal "must be filed within thirty days of the date of the determination, and may be filed in the federal district court only if the United States Tax Court does not have jurisdiction over the underlying tax liability."  Dourlain v. United States, 2005 WL 3021858, at *3 (N.D.N.Y. Sept. 19, 2005) (citing 26 U.S.C. § 6330(d)(1)(B)).  Because this case involves Muller's liability for unpaid income tax, the defendants argue that the Tax Court has exclusive jurisdiction, and that this Court therefore lacks subject matter jurisdiction.

In response to the defendants' motion, Muller claims that because he has no income tax liability, the Tax Court has no

jurisdiction over him.  Muller's tax liability is the fundamental substantive issue in this case.  It does not, however, determine the question of subject matter jurisdiction.  Federal courts have limited jurisdiction, and may only consider the merits of a case when they have been empowered to rule on the subject matter.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998) (jurisdiction is the first issue to be addressed by the court).  Accordingly, the Court will not address the merits of Muller's claims unless it is convinced that it may issue a substantive ruling in this case.

   Muller next claims that the Tax Court lacks jurisdiction because he was never sent a statutory notice of deficiency.  A statutory notice of deficiency is a prerequisite for jurisdiction in the United States Tax Court when the taxpayer is challenging a determination pursuant to 26 U.S.C. § 6213(a).  It is not required when, as here, a taxpayer appeals pursuant to 26 U.S.C. § 6330.  26 U.S.C. §§ 6320(c), 6330(d)(1).

   Muller further contends that he is not liable for a tax deficiency because the federal income tax is an impermissible excise tax.  Again, this argument goes to the question of whether Muller owes taxes, and not whether this Court has jurisdiction to make that determination.  Nonetheless, the

4

Sixteenth Amendment clearly allows the federal government to "collect taxes on incomes," an authority that has "never [been] questioned." Brushaber v. Union Pacific Railroad, 240 U.S. 1, 17 (1916). Therefore, Muller's argument has no impact on the issue of subject matter jurisdiction.

Muller's final claim is that he is a resident of Vermont, and therefore "does not reside within a Federal area . . . ." This argument is plainly without merit, as the Internal Revenue Code defines the United States as "the States and the District of Columbia." 26 U.S.C. § 7701(a)(9). Having reviewed Muller's varied arguments on the issue of jurisdiction, the Court concludes that this case is an appeal of an IRS determination with respect to income tax, and that jurisdiction lies in the United States Tax Court. The motion to dismiss (Paper 7) is, therefore, GRANTED, and this case is DISMISSED without prejudice.[2]

### Conclusion

For the reasons set forth above, the defendants' motion to dismiss for lack of subject matter jurisdiction (Paper 7) is GRANTED, and this case is DISMISSED without prejudice. The remaining motions (Papers 4 and 5) are DENIED as moot.

---

[2] Pursuant to 26 U.S.C. § 6330(d)(1), Muller may re-file his appeal with the correct court within 30 days after "a court determines that the appeal was to an incorrect court."

Dated at Brattleboro, in the District of Vermont, this day 25th of April, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge
